INMATES OF the SUFFOLK COUNTY JAIL, et al., Plaintiffs,

v.

Dennis J. KEARNEY, et al., Defendants.

Civ. A. No. 71–162–K.

United States District Court, D. Massachusetts.

April 9, 1992.

Max Daniel Stern, Lynn G. Weissberg, Stern & Shapiro, Boston, Mass., for plaintiffs.

Chester Anthony Janiak, Burns & Levinson, Boston, Mass., for defendants.

## MEMORANDUM

KEETON, District Judge.

This case is before the court on motions for modification of the Consent Decree of

May 7, 1979 (as modified by the orders of April 11, 1985 and April 22, 1985) in accordance with the decision of the Supreme Court, vacating this court's order of April 9, 1990, 734 F.Supp. 561, and remanding for application of the standard for consideration of such motions set forth by the Court in *Rufo v. Inmates of Suffolk County Jail,* — U.S. ——, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992).

The first issue I must address is whether to retain the case or return it to the Clerk for reassignment to another judge of this court. In this district, if a higher court has not directed otherwise, assignment of a case after remand is governed by local rule.

> (i) Proceedings after Appeal. When an appellate court remands a case to this court for a new trial, the case shall be reassigned to a judge other than the judge before whom the first trial was held. In all other cases in which the mandate of the appellate court requires further proceedings in this court, such proceedings shall not be conducted before the judge before whom the prior proceedings were conducted unless the terms of the remand require that further proceedings be conducted before the original judge or unless he determines that there will result a substantial saving in the time of the whole court and that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge. If the judge before whom the prior proceedings were conducted does not retain the case for further proceedings, he shall return it to the clerk for reassignment.

L.R.Mass. 40.1(I). In this Memorandum I consider the application of the several provisions of this Rule seriatim.

### I.

The first sentence of L.R. 40.1(I) does not apply here. It is true that the Opinion of the Court permits and perhaps even requires further evidentiary proceedings. Those proceedings, however, will be limited to reconsideration of the relief fashioned in the consent decree. They will fall far short of being in essence a new trial on the claims and defenses asserted in proceedings leading up to the consent decree.

### II.

With respect to whether "the terms of the remand require that further proceedings be before the original judge," it was suggested by one of counsel, at the conference on this matter, that the Supreme Court's Opinion implies an expectation that further proceedings after remand would be before the same trial judge who entered the order that the Supreme Court vacated. I conclude, however, that the Opinion cannot properly be interpreted as stating, as part of "the terms of the remand," that "further proceedings [shall] be conducted before the original judge." Rather, the Opinion did not focus upon the matter of assignment of the case among the judges of this court after remand.

### III.

The second sentence of L.R. 40.1(I) directs that in these circumstances further proceedings "not be conducted before the judge before whom the prior proceedings were conducted ... unless he determines [1] that there will result a substantial saving in the time of the whole court and [2] that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge." *Id.* (second sentence) (bracketed numbers added).

I find that a substantial saving in the time of the whole court will result from my retaining the case. The case was transferred to me from the original judge to whom it was assigned (Judge Arthur Garrity) shortly after entry of the consent decree in 1979. Docket entries noting proceedings in this court since that time are in the hundreds. Even more extensive proceedings in state courts were essential to authorization for the construction of a new and larger facility on Nashua Street, replacing the Charles Street Jail. Of course, full and fair consideration of current motions would not require a new judge to become informed about all the details of the history of this case, including plans and authoriza-

tions for the new facility. Still, developing even a modest degree of familiarity with these matters and their relation to proposed modifications of the consent decree would require a substantial increase in "the time of the whole court" if this case were now reassigned.

### IV.

The remaining issue is whether "there is no reason why, in the interest of justice, further proceedings should be conducted before another judge." It was suggested in conference that this case is one of public interest, nationally as well as locally, and that the perception of impartiality of adjudication would be fostered by transfer of the case to a judge other than one whose prior order in the case has been vacated by order of the Supreme Court. The suggestion has some weight, quite apart from whether the matter is or is not one of unusual public interest. The point is overstated, however, if taken to mean that, without regard to the weight of this consideration in comparison with that of countervailing considerations, a suggestion that reassignment would enhance the public perception of impartiality of adjudication by itself establishes that there is a "reason why, in the interest of justice, further proceedings should be conducted before another judge." To interpret the quoted phrase as requiring reassignment on this basis, regardless of countervailing considerations, would lead virtually, if not precisely, to a rule of automatic reassignment. The text of the rule will not bear an interpretation that leaves no room for taking account of countervailing considerations.

Among the countervailing considerations are two that have special weight in this instance.

First, this district's Local Rules, as well as its practices, emphasize a policy of random assignment of cases and procedural protections against judge shopping. The more visible proceedings become in a case, because of public interest, the more compelling is the interest in enforcing the policy that case assignments occur in accordance with random procedures. The transfer of this case in 1979 from Judge Garrity to me resulted from a random draw during reallocation of the caseload of the court when four new judges entered service. That reassignment was entirely consistent with the court's policy and practice of random assignment. In contrast, a determination to order a reassignment of this case at the present time is both inconsistent in fact and likely to be publicly perceived as inconsistent with that policy and practice.

Second, as noted above, reassignment of this case would result in an increase of the burden on the whole court, and such an increase over the months during which further proceedings in this case will be held, in ordinary course, is a matter of special concern.

Of thirteen authorized positions for United States District Judges in this district, four are vacant. The nine judges located in Boston are assigned the caseload for twelve of these positions. Today, every fourth case assigned to each judge is already beyond the load that judge would have if the court were at the strength determined by statute to be appropriate for the administration of justice in this district. This is not a time to add to existing impediments to efforts of the bar and bench of this district, and their support staffs, to serve the public interest in "just, speedy, and inexpensive disposition" of all civil proceedings, as required by Rule 1 of the Federal Rules of Civil Procedure, and "just determination of every criminal proceeding," without "unjustifiable expense and delay," as required by Rule 2 of the Federal Rules of Criminal Procedure.

For all these reasons, I find that "there is no reason why, in the interest of justice, further proceedings should be conducted before another judge," L.R. 40.1(I). Further proceedings will be scheduled accordingly.